UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:21-CR-0320-B-1 |
| § | |
| SHERMAINE LASTER, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shermaine Laster's Motion for Compassionate Release (Doc. 96). Because Laster has not provided medical records supporting his alleged medical conditions or alleged any symptoms necessitating release, the Court **DENIES** Laster's Motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

On August 19, 2022, Laster was sentenced to forty months of imprisonment and one year of supervised release after pleading guilty to possession of a firearm by a convicted felon. Doc. 76, J., 1–3. Laster is currently forty-seven years old and is confined at Allenwood Medium Federal Correctional Institution with a release date of February 12, 2024.[1] Laster filed this Motion for Compassionate Release on December 28, 2022. Doc. 96, Mot. The Court reviews Laster's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s inmate locator, available at https://www.bop.gov/inmateloc/ (last visited April 21, 2023).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Laster Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Laster has attached to his Motion an email he sent the warden—dated October 19, 2022—requesting compassionate release "in light of [his] medical conditions." Doc. 96, Mot., 19. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of [Laster's] facility." *See* § 3582(c)(1)(A). Thus, Laster has demonstrated proof of exhaustion, and the Court turns to the merits of his Motion.

B.  *Laster Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Laster has not shown "extraordinary and compelling reasons" warranting compassionate release. *See id.* Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that United States Sentencing Guidelines § 1B1.13 is "not dispositive" but

"guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding United States Sentencing Guidelines § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

Considering Laster's Motion in light of Section 1B1.13, the Court concludes that Laster has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Laster argues that he has a "particularized risk of contracting [COVID-19] at his prison facility." Doc. 96, Mot., 1. Laster claims he suffers from post-traumatic stress disorder, obesity, high blood pressure, asthma, kidney damage, and seizures. *Id.* at 4. However, Laster has not explained with specific facts what, if any, symptoms he suffers from these conditions. *See generally* Doc. 96, Mot. Further, Laster has not attached any medical records supporting his claims that he is experiencing such symptoms. Without such evidence, the Court cannot conclude there are "extraordinary and compelling reasons" for Laster's release. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

Laster's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Laster's Motion (Doc. 96) **WITHOUT PREJUDICE**.

By denying Laster's Motion without prejudice, the Court permits Laster to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Laster merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

SO ORDERED.

SIGNED: May 3, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE